UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-7746-DMG (KS)                                   Date: September 23, 2019

Title   *Brandon Che Lee v. Warden*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On September 6, 2019, Plaintiff, a federal prisoner proceeding *pro se*, filed a "criminal complaint" (hereinafter, the "Complaint"). (Dkt. No. 1.) The Complaint does not identify the relief Plaintiff seeks or the laws or constitutional provisions that Plaintiff believes have been violated. (*See generally id.*) Plaintiff states that he is suing the Warden at the Federal Correctional Institute – Terminal Island ("FCI-TI") and, to the best of the Court's understanding, "female staff, trust fund, admin. of kitchen, staff Cavalrer, Alcaraz, Montoya, Will Romson, Garcra, Bautista, Polock, Calwile, Avery, Montoya, Methu, Delacruz, Banks, Odom, Rondo, Female Carrito, Parando, Yazzie, Lt. Calwile, LE, Lear, Arcea, and all of the staff who involved in this Complaint." (*Id.* (errors in original).) The vast majority of the allegations contained in the twelve-page Complaint and the Trulincs emails attached to it concern prison staff and fellow inmates either poisoning Plaintiff's food or "fumbl[ing] [their] penis[es]" in front of him as well as automated phone messages that Plaintiff received when he tried to call relatives. (*Id.*) There may also be allegations that individuals threatened Plaintiff and "rubbed [his] entire body" in an act of sexual harassment. (*See generally id.*)

Private individuals like Plaintiff may not prosecute crimes in civil actions. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Machin v. Costas*, No. CIV 09-444 IEG WVG, 2009 WL 3839325, at *10 (S.D. Cal. Nov. 16, 2009) ("there is no question that Plaintiff has no private cause of action for violations of state criminal laws under § 1983"). Further, because it is unclear from the Complaint whom Plaintiff is suing, the number of claims he is asserting, and the factual and legal basis for those claims, the Complaint violates Rule 8 of the Federal Rules of Civil Procedure and is subject to dismissal for failure to state a claim upon which relief can be

granted.  *See* FED. R. CIV. P. 8; *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaint violates Rules 8 if a defendant would have difficulty understanding and responding to it); *see also* 28 U.S.C. § 1915A(b) (Congress requires district courts to dismiss civil rights complaints brought by prisoners if the court determines that the complaint, or any portion thereof, fails to state a claim upon which relief can be granted).

Also on September 6, 2019, the Court notified Plaintiff that he had failed to pay the filing fee and had not filed a request to proceed *in forma pauperis*.  (Dkt. No. 2.)  More than two weeks have now passed and Plaintiff has not responded to the Court's notification.  Accordingly, because Plaintiff has neither paid the filing fee nor obtained authorization to proceed without prepayment of the fee, **IT IS HEREBY ORDERED that Plaintiff shall show cause, no later than October 14, 2019, why the action should not be dismissed.**

To that end, the Clerk is directed to send Plaintiff a copy of the Central District's civil rights complaint form (CV-66) and a copy of the Central District's form Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P).  **To discharge this Order and proceed with his case, Plaintiff must either:  (1) pay the $400 filing fee in full; or (2) file the completed forms, and the necessary documentation, with the Court on or before the October 14, 2019 deadline.**

**Plaintiff's failure to timely comply with this Order will result in a recommendation of dismissal of his case.[1]**

**IT IS SO ORDERED**.

                                                                                                      :
                                                              **Initials of Preparer**   gr

---

[1] Plaintiff has now filed at least a half dozen complaints involving similar allegations in the past year.  *See Brandon C. Lee v. Warden et al*, 2:19-cv-07744-DMG-KS; *Brandon Che Lee v. FCI TI Warden et al*, 2:19-cv-06117-DMG-KS; *Brandon Che Lee v. Unknown*, No. 2:18-cv-09828-DMG-KS (Mar. 5, 2019); *Brandon Che Lee v. Warden et al*, No. 2:19-cv-02811-DMG-KS (Jun. 17, 2019); *Brandon Che Lee v. Warden et al*, No. 2:19-cv-04865-DMG-KS (Sept. 9, 2019); *Brandon Lee v. Unknown*, 2:19-cv-05503-DMG-KS (Aug. 20, 2019).  In all of these prior cases, Plaintiff did not pay the filing fee or request to proceed *in forma pauperis*.  To date, four of these prior cases have been dismissed for failure to pay the filing fee or request to proceed IFP.